IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ADAM TRUBOW *et al.*,

    Plaintiffs,

vs.                                                            Civ. No. 20-1248 JAP/KK

DAVID C. KRAMER *et al.*,

    Defendants.

## ORDER STAYING DISCOVERY

THIS MATTER is before the Court on the Motion to Stay Discovery (Doc. 33) ("Motion to Stay") filed by Defendants Owens, Chavez, Carter, Ciddio, Koether, Davis, Foltz, Johnson, and Rollins (collectively, "Movants") on February 12, 2021.  Plaintiff filed a response in partial opposition to the motion on March 2, 2021, (Doc. 48), and the Court deems a reply unnecessary. Having reviewed the parties' submissions, the record, and the relevant law, and being otherwise fully advised, the Court FINDS that the Motion to Stay is well-taken and should be GRANTED, and that discovery in this matter should be STAYED pending resolution of the qualified immunity defenses raised in Movants' Motion and Memorandum to Dismiss Plaintiffs' Complaint (Doc. 47) ("Motion to Dismiss"), filed March 2, 2021.

In their Complaint, Plaintiffs Adam Trubow and Patrick McBride assert claims for damages under 42 U.S.C. § 1983 against five of the named Defendants in their individual capacities, *i.e.*, David C. Kramer, Kenneth C. Owens, and Lori Chavez for actions they allegedly took as New Mexico Assistant Attorneys General, and Lyn Carter and Wayne Ciddio for actions they allegedly took as officers of the New Mexico Real Estate Commission.[1]  (Doc. 1 at 2-3.)  The remaining five Defendants, *i.e.*, Gretchen Koether, Bill Davis, Greg L. Foltz, Kurstin Johnson, and

---

[1] Defendant Ciddio is also sued in his official capacity for equitable relief.  (Doc. 1 at 3.)

Lindsay Rollins, are sued solely for equitable relief in their official capacities as officers or members of the New Mexico Real Estate Commission. (*Id.* at 3-4.)

In their Motion to Stay, Movants identify two different bases, and consequently two different durations, for the discovery stay they seek. (Doc. 33 at 1-3.) First, Movants seek a stay based on the doctrine of qualified immunity pending resolution of the qualified immunity defenses asserted by Defendants Owens, Chavez, Carter, and Ciddio (collectively, "Individual Movants"). (*Id.* at 1-2.) Second, they seek a stay based on the doctrine of *Younger* abstention pending resolution of *Trubow v. Real Estate Commission of the State of New Mexico*, No. 38429 (N.M. Ct. App.) ("State Proceeding"). (Doc. 33 at 2-3.) Movants originally raised the defenses of qualified immunity and *Younger* abstention in motions that the Court ordered stricken without prejudice. (Docs. 30, 31, 46.) However, they have since reasserted both defenses in their Motion to Dismiss. (Doc. 47 at 11-14, 16-25.)

In their response to the Motion to Stay, Plaintiffs oppose a discovery stay pending resolution of the Individual Movants' qualified immunity defenses. (Doc. 48 at 3-5.) However, Plaintiffs agree that a stay is warranted "pending outcome of the [S]tate [P]roceeding," on the basis that, "while *Younger* does not apply to require . . . [a stay], a determination by the New Mexico Court of Appeals" in the State Proceeding "might render moot or change the posture" of this federal case. (*Id.* at 9.) Thus, though Plaintiffs and Movants do not agree regarding the appropriate duration of or bases for the requested stay, they do agree that entry of a discovery stay is proper at this time.[2]

---

[2] In addition, the Court notes that Defendant Kramer has filed a Motion to Dismiss Based on Absolute and Qualified Immunity, Request for Stay, and Supporting Memorandum, in which he requests a stay of the litigation pending resolution of that motion. (Doc. 49 at 23.) Thus, though he has requested a different kind of stay on a different basis and for a different duration, it seems likely that he, too, would agree to the entry of a discovery stay at this time, particularly in light of the fact that he elected not to respond in opposition to Movants' Motion to Stay. *See* D.N.M.LR-Civ. 7.1(b) (failure to respond to a motion within the time allowed "constitutes consent to grant the motion").

Movants' request for a discovery stay based on qualified immunity rests on a firm legal foundation. "Qualified immunity is an entitlement not to stand trial or face the other burdens of litigation. The privilege is an immunity from suit rather than a mere defense to liability[.]" *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)) (emphasis and quotation marks omitted); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)). The Supreme Court has therefore "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). "[T]he driving force behind [the] creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery." *Id.* at 231 (quotation marks and brackets omitted). Thus, when a defendant asserts the defense of qualified immunity on a motion to dismiss, the district court should generally stay discovery until the immunity issue is resolved. *Workman,* 958 F.2d at 336.

There is no dispute that the Individual Movants have asserted qualified immunity defenses in Movants' Motion to Dismiss. (Doc. 47 at 16-25.) Nevertheless, Plaintiffs oppose Movants' request that discovery be stayed pending resolution of those defenses, arguing that: (1) they have alleged violations of their clearly established constitutional rights; and, (2) they are entitled to limited discovery on "key issues of disputed facts." (Doc. 48 at 3-4.) The Court has carefully considered these arguments and finds that neither justifies a deviation in this case from the general rule that discovery should be stayed pending resolution of a motion to dismiss based on qualified immunity.

Regarding Plaintiffs' first argument, Plaintiffs certainly may and likely will oppose the qualified immunity defenses raised in Movants' Motion to Dismiss by arguing that they have

3

alleged violations of their clearly established constitutional rights. Movants, however, argue that Plaintiffs have *not* alleged a violation of clearly established constitutional rights; indeed, this argument is necessarily at the very heart of the Individual Movants' qualified immunity defenses. (*See* Doc. 47 at 16-25.) In other words, Plaintiffs ask the Court to reject Movants' request for a discovery stay pending resolution of the Individual Movants' qualified immunity defenses by prejudging those defenses and rejecting them. This the Court declines to do.

Regarding Plaintiffs' second argument, the Supreme Court has clearly stated that, once a defendant pleads the defense of qualified immunity, "the district court should resolve that threshold question before permitting discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Only if the plaintiff's claim survives this "initial hurdle[]" and "is otherwise viable" will the plaintiff "ordinarily . . . be entitled to some discovery." *Id.* And even then, the Supreme Court noted the trial court's "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Id.*

Plaintiffs cite two cases in support of their argument that they should nevertheless be allowed to take some discovery before the Court resolves the qualified immunity defenses raised in Movants' Motion to Dismiss, *i.e.*, *Martin v. City of Albuquerque*, 219 F. Supp. 3d 1081 (D.N.M. 2015), and *Weise v. Casper*, 507 F.3d 1260 (10th Cir. 2007). (Doc. 48 at 3.) However, neither of these cases assists Plaintiffs. *Martin* does not support their position because it concerned a motion for summary judgment rather than a motion to dismiss, and also because the court in that case actually granted the discovery stay the defendant requested on the basis that discovery was "not essential to decide the [motion for summary judgment]." 219 F. Supp. 3d at 1084.

In *Weise*, in turn, the Tenth Circuit did find that "[t]he district court did not abuse its discretion in ordering limited discovery" before deciding a motion to dismiss based on qualified

4

immunity. 507 F.3d at 1264. However, the defendants in that case were "private parties" who would only be entitled to assert the defense of qualified immunity "if they were acting as federal officials or as private parties at the direction and close supervision of federal officials"; and, the district court limited discovery to that narrow question. *Id.* at 1263. The *Weise* court specifically acknowledged that, once a court determines a defendant is entitled to assert a qualified immunity defense, its "ordinary course" is to "first analyze[] the purely legal issue of whether a constitutional violation occurred based on the facts contained in the complaint and, if so, whether the constitutional right alleged to have been violated was clearly established," before allowing discovery to proceed. *Id.* at 1264.

Here, Plaintiffs have not disputed that they have sued the Individual Movants for acts they allegedly took as public officials and that the Individual Movants are therefore entitled to assert the defense of qualified immunity. (Doc. 48); *see, e.g., Siegert*, 500 U.S. at 231 ("Qualified immunity is a defense that must be pleaded by a defendant official."). As such, the need for discovery at issue in *Weise* is simply not present here. Rather, in this case, the Court will follow "the ordinary course" of resolving the qualified immunity defenses raised in Movants' Motion to Dismiss "based on the facts contained in the complaint" before allowing discovery to proceed. *Weise*, 507 F.3d at 1264. For these reasons, the Court finds that Movants are entitled to a stay of discovery pending resolution of the Individual Movants' qualified immunity defenses as asserted in Movants' Motion to Dismiss.

Because the Court will stay discovery pending resolution of the qualified immunity defenses raised in Movants' Motion to Dismiss, it need not address Movants' request for a stay based on *Younger* abstention at this time. The Court will take up that question if and when future

events in this litigation or the related state court proceeding make it necessary and appropriate to do so.

IT IS THEREFORE ORDERED that Defendants' Motion to Stay Discovery (Doc. 33) is GRANTED, and discovery in this matter is STAYED pending resolution of the qualified immunity defenses asserted on behalf of Defendants Owens, Chavez, Carter, and Ciddio in the Motion and Memorandum to Dismiss Plaintiffs' Complaint (Doc. 47) filed by Defendants Owens, Chavez, Carter, Ciddio, Koether, Davis, Foltz, Johnson, and Rollins.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE